James GAWLIK, Appellant,

v.

The STATE of Texas, Appellee.

No. 62485.

Court of Criminal Appeals of Texas.

Nov. 26, 1980.

Michael Thornell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Susan Crump, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft of services with a value of over $200.00 but under $10,000.[1] Appellant was convicted in a trial before the court and punishment was assessed at two years, probated.

■ In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He contends that "the requisite intent was not present and the sequential steps of *Cortez* [*v. State* [Tex.Cr.App.], 582 S.W.2d 119,] apply because of the evidence adduced at the trial."

C. C. Murski testified that he was a painting contractor in Houston. Appellant hired Murski to paint a house and it was agreed that Murski and his crew would be paid every two weeks. The crew began working on June 8, 1977, and on June 27, 1977, Murski requested payment for 128 hours in labor. Appellant gave Murski a check in the amount of $1,302.50. The check was dishonored on two occasions due to insufficient funds. On July 24, 1977, Murski sent appellant a registered letter demanding that he "make good" on the check within ten days.

Dr. Marian Yeager testified that she owned the house Murski was painting. She stated that she hired appellant as a contractor to perform renovations on the home. On June 28, 1977, Yeager gave appellant a check in the amount of $1,500.00 to cover the painting work done on the home. The check was cashed.

Appellant testified that he was a licensed architect and that he did not intend to avoid paying Murski. He stated that during the time in question, he was having severe financial problems and thought that his bank would honor the check he gave to Murski. He related that he had asked Murski to hold the check "indefinitely."

David Brady testified that he was an executive vice–president at Bayshore National Bank in La Porte. He related that the bank had extended a line of credit to appellant and would often honor checks appellant had written although there were insufficient funds to cover the checks. Brady stated that he had spoken to the district attorney's office concerning this matter and that appellant had been under the impression that the bank was going to honor the check given to Murski.

We find that the evidence is sufficient to prove appellant's intent to avoid payment. As stated above, the check was presented for payment within 30 days after issue and appellant failed to pay Murski within 10 days after receiving notice of the bank's refusal to honor the check due to insufficient funds. Under such circumstances, appellant's intent to avoid payment for Murski's services is presumed under V.T.C.A. Penal Code, Sec. 31.06(a)(2) which provides:

"(a) If the actor obtained property or secured performance of service by issuing or passing a check or similar sight order for the payment of money, when the issuer did not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders then outstanding, his intent to deprive the owner of property under Section 31.03 of this code (Theft) or to avoid payment for service under Section 31.04 of this code (Theft of Service) is presumed (except in the case of a postdated check or order) if:

" . . .

"(2) payment was refused by the bank or other drawee for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal."

1. On original submission, this appeal was abated Tex.Cr.App., 591 S.W.2d 541, because appellant had filed a pauper's affidavit and no brief had been filed in his behalf. Appointed counsel has now filed a brief and the appeal is reinstated.

Appellant's reliance on *Cortez v. State*, supra, is misplaced. In that case, the indictment alleged that the defendant secured services by deception in issuing a worthless check. However, the evidence revealed that the check could not have affected the judgment of the complaining witness because the check was not issued and passed until after performance of the services had been completed.

■ In the instant case, the indictment alleges that appellant secured performance of the services by "deception, threat and false token." No mention of the worthless check is made in the indictment. Murski stated that he performed the work following his agreement with appellant to be paid every two weeks. Murski was not paid as promised. We find the evidence sufficient to prove that appellant secured performance of the services by means of deception as alleged in the indictment. Appellant's first ground of error is without merit.

In this second ground of error, appellant contends that V.T.C.A. Penal Code, Sec. 31.04, the theft of services statute, is unconstitutional in that it allows prosecutors to selectively choose who they will prosecute for a felony. In support of this contention, he points out that the State could have brought this prosecution under V.T.C.A. Penal Code, Sec. 32.41, the issuance of a bad check statute. An offense under Sec. 32.41, supra, is a Class C misdemeanor.

■ Initially, we note that appellant was not prosecuted for giving Murski a worthless check. Rather, it was the theft of the services provided by Murski which gave rise to this prosecution. The burden of establishing *prima facie* the fact of selective prosecution lies upon the defendant, since the presumption is always that a prosecution for violation of a criminal law is undertaken in good faith and in nondiscriminatory fashion for the purpose of fulfilling a duty to bring violators to justice. *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973). In *United States v. Ojala*, 544 F.2d 940 (8th Cir. 1976) the Court stated:

"To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i. e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as 'intentional and purposeful discrimination.' * * * Mere 'conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.' [Citations omitted.]" *United States v. Ojala*, supra at 943.

■ In the instant case, appellant made no effort at trial to establish the alleged discriminatory prosecution. We conclude that nothing is presented for review. Appellant's second ground of error is overruled.

■ Finally, the judgment in this case recites that appellant was convicted of the felony offense of "theft of a worthless check." The indictment alleges the offense of theft of services.[2] Under the provisions of Art. 44.24, V.A.C.C.P. this Court can reform a judgment based on the indictment or information in a case. *Joles v. State*, 563 S.W.2d 619. The judgment in this cause is reformed to reflect a conviction for the felony offense of theft of services with a value of over $200.00 but under $10,000.00.

As reformed, the judgment is affirmed.

2. At the conclusion of the trial, the court stated: "All right, on this evidence I find you guilty...."