Angelina Anita **CARRERAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–95–00297–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 30, 1996.

Rehearing Overruled Jan. 23, 1997.

Timothy A. Hootman, La Porte, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Angelina Anita Carreras appeals her conviction by a jury for disorderly conduct. TEX. PENAL CODE ANN. § 42.01(a)(2) (Vernon 1991).[1] The trial court assessed her punishment at a $500.00 fine. In two points of error, appellant contends the trial court erred by refusing to grant her motion to quash and her motion for an instructed verdict on the grounds that appellant was prosecuted in violation of the equal protection clauses of the federal and state constitutions because the statute was being selectively and discriminatorily applied. We affirm.

Appellant, a woman, and a male friend went to the Sylvan Beach Festival on April 25, 1993, in LaPorte, and both of them removed their tops and sat, nude from the waist up, in a grassy area. Between 15,000 and 20,000 people were present at the festival which was a family-oriented event, with a parade, carnival, and various activities. Witnesses testified appellant was sitting on the grass with her breasts exposed, that they found this conduct offensive, and that it upset children and their parents. Officer Tippit testified that some of the children were pointing at appellant and getting upset which caused their parents also to be upset. Ms. Wheeler, the chairperson for the festival, testified that she asked appellant to put her top on but she refused. Appellant made a video tape of the entire transaction which was placed in evidence. Neither appellant nor her male friend testified.

Appellant contends that the trial court erred in overruling her motion to quash the complaint and her motion for a directed verdict. Appellant argues that by arresting only her for disorderly conduct, and not her male friend who was also topless, the prosecution violated her right to equal protection of the laws by engaging in selective prosecution of her only. She claims such selective prosecution violates Article 1, §§ 3 and 3a, of the Texas Constitution, providing equal rights and equal protection under the laws, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, imposing the duty of equal protection of the laws upon the states. On oral argument, appellant argued that this is not a selective prosecution case and is simply a case where a woman's equal protection rights have been violated.

Appellant was arrested for disorderly conduct pursuant to article 42.01(a)(2), Texas Penal Code, which provides, in pertinent part:

(a) A person commits an offense if he intentionally or knowingly: (2) makes an offensive gesture or display in a public place, and the gesture or display tends to incite an immediate breach of the peace.

In her motion to quash the complaint, appellant stated as grounds for her motion, in pertinent part:

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b).Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

[S]aid statute [article 42.01(a)(2), Texas Penal Code] is unconstitutional as applied to the facts presented in this case (namely, defendant, a woman, while a spectator at the Sylvan Beach Day Festival at Sylvan Beach Park would not have been arrested but for the fact that she had no clothing covering her breasts; at least one male was exposing his breasts/chest at the same location and in the same manner as defendant with impunity) in that it violates the equal protection clause [of the state and federal constitutions].

In her oral motion for directed verdict, appellant stated, in pertinent part:

So it is not only her conduct was not disorderly, but also under the equal protection clause of the Texas Constitution, the protection clause of the U.S. Constitution and the Equal Rights of the Texas Constitution, she is being prosecuted solely because she is a woman.

Both appellant's motions were overruled by the trial court. Appellant's points of error one and two claim the trial court erred by overruling these grounds in violation of her constitutional right to equal protection of the laws. Appellant argues she is a woman and was prosecuted for being topless, when a topless male friend with her was not, in violation of the equal protection clauses. We will review both points of error together.

■ This is a selective-prosecution case involving prosecution under the misdemeanor disorderly conduct statute which is a gender neutral statute. Appellant admits in her brief that the disorderly conduct statute is gender neutral in that the offense of disorderly conduct is equally applicable to any person, regardless of sex. *See Casarez v. State*, 913 S.W.2d 468, 493 (Tex.Crim.App.1994)(opinion on motion for reh'g)(discriminatory practices based on sex are prohibited unless substantially related to the accomplishment of an important government purpose). Appellant's claim, at oral argument, that this is not a selective-prosecution case is not supported by argument or authority in any of her briefs. Appellant has waived her claim that this is not a selective-prosecution case. *Heitman v. State*, 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991);

*Tell v. State*, 908 S.W.2d 535, 539 (Tex. App.—Fort Worth 1995, no writ).

In the recent case of *U.S. v. Armstrong*, —— U.S. ——, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), the United States Supreme Court, reviewed the law of selective prosecution. In response to their indictment on "crack" cocaine and other federal charges, the defendants in *Armstrong* filed a motion for discovery or for dismissal, alleging that they were selected for prosecution because they are black. The district court granted the motion over the government's argument that there was no evidence or allegation that it had failed to prosecute nonblack defendants. The government refused to comply with the discovery order and the district court dismissed the case. The Ninth Circuit affirmed the judgment holding that the proof requirements for a selective-prosecution claim do not compel a defendant to demonstrate that the government has failed to prosecute others who are similarly situated. The United States Supreme Court reversed and remanded the case, and held that a defendant must make a threshold showing that the government declined to prosecute similarly situated suspects of other races before being entitled to discovery on a claim that he was singled out for prosecution on the basis of his race. The court found the justifications for a rigorous standard of proof by the defendant in an alleged selective-prosecution case require a correspondingly rigorous standard for discovery in aid of it. *Id.* at ——, 116 S.Ct. at 1489.

The Supreme Court reviewed the requirements to prove a selective-prosecution claim, and stated in pertinent part:

A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a "background presumption" [citation omitted] that the showing necessary to obtain discovery should

itself be a significant barrier to the litigation of insubstantial claims.

\* \* \* \* \* \*

In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion" [citation omitted].

\* \* \* \* \* \*

Of course, a prosecutor's discretion is "subject to constitutional constraints" [citation omitted]. One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment [citation omitted] is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons ... with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Yick Wo v. Hopkins,* 118 U.S. 356, 373, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886).

In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary" [citation omitted].

*Id.* at ——, 116 S.Ct. at 1486.

The Supreme Court further held that a claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose. *Id.* at ——, 116 S.Ct. at 1487. To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted. *Id.* The Supreme Court found that a "study" listing twenty-four defendants by race, whether they were prosecuted for dealing cocaine as well as crack, and the status of each case, did not constitute "some evidence tending to show the existence of the essential elements of" a selective-prosecution claim for crack offenses; the study failed to identify individuals who were not black, could have been prosecuted for offenses for which the defendants were charged, but were not so prosecuted. *Id.* at ——, 116 S.Ct. at 1489.

◼ In this case, appellant produced *no* evidence "tending to show the existence of the essential elements of" a selective-prosecution claim. *Id.* at —— ——, 116 S.Ct. at 1486–1489. Neither appellant nor her male friend testified. There was no evidence that females anywhere were prosecuted when males allegedly doing the same thing were not prosecuted under similar circumstances. Appellant's expert witness testified only at the hearing on her motion to quash the complaint and the testimony was not directed to "different treatment of similarly situated persons" as is required to prove selective prosecution. *Id.* at ——, 116 S.Ct. at 1489. The question addressed to appellant's expert witness, Dr. William Simon, professor of sociology, University of Houston, was "why society considers that women should have their shirts on when men do not?" Dr. Simon's testimony addressed the physical differences between men and women and the fact that men and women in today's American society still regard female breasts as "erotic objects." Dr. Simon also testified that other "enlightened" societies in other countries do not consider female breasts to be erotic objects. On cross-examination by the state, Dr. Simon testified that public exposure of female breasts would cause a disturbance among both men and women. The evidence produced at the trial "failed to identify any individuals who were not" females, "could have been prosecuted for the offenses for which" appellant was "charged, but were not so prosecuted." *Id.* at ——, 116 S.Ct. at 1489.

◼ In *Gawlik v. State,* 608 S.W.2d 671 (Tex.Crim.App.1980), the court held: "The burden of establishing *prima facie* the fact of selective prosecution lies upon the defendant, since the presumption is always that a prosecution for violation of a criminal law is undertaken in good faith and in a nondiscriminatory fashion for the purpose of fulfilling a duty

to bring violators to justice." *Id.* at 673. The *Gawlik* court found that appellant made no effort at the trial to establish the alleged discriminatory prosecution and concluded that nothing was presented for review. *Id.* In *County v. State,* 812 S.W.2d 303 (Tex. Crim.App.1989), the appellant brought forth no evidence indicating the existence of purposeful discrimination and the court found appellant failed to meet his burden of proof. *Id.* at 309. *See also Satterwhite v. State,* 726 S.W.2d 81, 84 (Tex.Crim.App.1986), *rev'd on other grounds,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988).

There are no Texas cases directly involving the particular fact scenario presented here involving nudity above the waist in public by a female being punishable as disorderly conduct where like conduct by a male is not. *State v. Johnson,* 74 Wis.2d 169, 246 N.W.2d 503 (1976), is an analogous case involving selective prosecution of females under a prostitution statute in the state of Wisconsin. In *Johnson,* criminal complaints were filed charging female defendants with sexual perversion under a prostitution statute. The female defendants filed a motion to dismiss the complaints on the grounds that the defendants were being deprived of equal protection under the laws because they were being selectively prosecuted for prostitution when the male patrons were not being so prosecuted. At the hearing on the motion, no evidence was offered by the defendants and the trial court heard argument and dismissed the complaints. The trial judge concluded that women were being charged with prostitution and that male participants were not being charged with prostitution or other related sexual morality offenses and that this constituted discriminatory enforcement of the law, and the state appealed. The supreme court of Wisconsin recognized that under the Fourteenth Amendment to the United States Constitution persons accused of violating criminal statutes are protected from persistent selective and intentional discrimination in the enforcement of the statute in the absence of valid exercise of prosecutorial discretion (citing *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and other state

cases). *Id.* 246 N.W.2d at 505. The *Johnson* court stated, "[i]f women prostitutes are consistently prosecuted and men patrons are consistently not prosecuted, without valid prosecutorial discretion, the equal protection clause is violated." The *Johnson* court concluded:

There may be valid prosecutorial reasons for prosecuting a prostitute and not the patron under given circumstances such as organized commercial prostitution, immunity from prosecution to testify, and others. Nor can one or few isolated incidents of failure to prosecute both be sufficient grounds to escape prosecution for a criminal act upon equal protection grounds. To avoid prosecution for a criminal offense upon equal protection grounds, *it must be shown that the failure to prosecute was selective, persistent, discriminatory and without justifiable prosecutorial discretion* (emphasis added).

*Id.* at 507.

The court found that defendants presented no evidence to raise the constitutional defense and reversed in favor of the state stating:

At the hearing on the remand the defendants have the burden to establish a prima facie case. There must be some showing of persistent failure to prosecute men as well as women involved in prostitution. The isolated facts of this case are insufficient. If a prima facie case is established, the burden to show an exercise of valid prosecutorial discretion will shift to the state.

*Id.* at 507.

We find that the appellant produced no evidence to prove her claim of denial of equal protection of the laws and failed to meet her burden of establishing *prima facie* the fact of selective prosecution. *Gawlik,* 608 S.W.2d at 673. We overrule appellant's points of error one and two.

The judgment of the trial court is affirmed.

EDELMAN, J., concurs in the result only.