

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00092-CR

———————————————

QUINCEE ENGLISH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1705897

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion on Rehearing by Chief Justice Sudderth

**MEMORANDUM OPINION ON REHEARING**

We withdraw our July 27, 2023 opinion and judgment and substitute the following in its place.

The State charged Appellant Quincee English with solicitation of prostitution. *See* Tex. Penal Code Ann. § 43.021(a) ("A person commits an offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another.").[1]

English moved to quash the indictment,[2] raising facial and as-applied constitutionality challenges to Penal Code Section 43.021 and complaining that the way the statute "is worded and the way it is applied and enforced only prosecutes men."[3] To his motion, he attached documents purporting to show that in the cases

---

[1]Solicitation of prostitution as charged in this case is a state-jail felony. *See* Tex. Penal Code Ann. § 43.021(b) (stating that the offense is a state-jail felony unless other conditions—not applicable here—are met that enhance the offense to a third- or second-degree felony); *see also id.* § 12.35(a)–(b) (stating that the punishment range for a state-jail felony is not more than 2 years or less than 180 days and up to a $10,000 fine).

[2]In his motion to quash, English claimed that the Arlington Police Department had used an internet advertisement "to try to induce young males, with pornographic photos and the promise of sex, to become brand new felons by violating [Section] 43.021" and that "[a] female police officer, who was apparently not the same person in the photo accompanying the ad, included her phone number with the ad and waited for interested men to contact her."

[3]English raised his challenges under both the state and federal constitutions' "guarantees of equal protection and due process." However, as pointed out by the State, English makes no due-process arguments on appeal.

filed and accepted in Tarrant County since Section 43.021's September 1, 2021 effective date, "there has not been one female charged under the statute." After the trial court denied the motion, English made an open plea of guilty and received four years' deferred adjudication community supervision and a $200 fine.

In a single issue, English complains that the trial court erred by denying his motion. *See Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991) (stating that a defendant may appeal a pretrial-motion ruling despite receiving deferred adjudication and without an adjudication of guilt). In our July 27, 2023 opinion, we held that English could not make an as-applied challenge in his pretrial motion[4] and

---

[4]An as-applied challenge should be brought during or after trial on the merits so that the trial court and reviewing courts have the case's particular facts and circumstances to determine whether the statute has been applied to the defendant in an unconstitutional manner. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910, 912 (Tex. Crim. App. 2011) (orig. proceeding) ("Courts must evaluate the statute as it has been applied in practice against the particular challenger."); *see also London v. State*, 490 S.W.3d 503, 507–08 (Tex. Crim. App. 2016) (stating that to prevail on an as-applied challenge, "it is incumbent upon the appellant to show that the statute operates unconstitutionally as applied to him in his situation" and that "[b]ecause such inquiries can often require factual development . . . an as-applied challenge should not generally be raised prior to trial"); *State v. Empey*, 502 S.W.3d 186, 189 (Tex. App.—Fort Worth 2016, no pet.) (stating that a pretrial motion to quash an indictment may be used only for a facial—and not for an as-applied—challenge). *See generally Diruzzo v. State*, 581 S.W.3d 788, 798 (Tex. Crim. App. 2019) (stating that a motion to quash is an acceptable vehicle for a facial challenge to an indictment); 42 George E. Dix & John M. Schmolesky, *Tex. Practice, Criminal Practice & Procedure* § 26:30.50 (3d ed. 2022) (noting that an as-applied challenge is "inappropriate for resolution by a pretrial challenge to the charging instrument").

3

that he had failed to meet the facial-challenge requirements.[5]  In his motion for rehearing, English concedes that he "agrees with [our] rationale," but he complains that he raised neither a facial challenge nor an as-applied challenge on appeal.  Instead, he contends that what he asserted was "solely, a selective prosecution claim" on appeal.

In support of his contention, English points out that he used "some iteration" of the phrase "selective prosecution" 25 times in his appellate brief.  We do not dispute the accuracy of his count but point out that, in contrast to his appellate brief, English used that phrase or some iteration of it exactly *zero* times in his motion to quash in the trial court.[6]  *Cf.* Tex. R. App. P. 33.1 (stating the prerequisites for

---

[5]We must presume Section 43.021 is constitutional, *see Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019), and to successfully challenge its facial constitutionality, English had to establish that no set of circumstances existed under which the statute would be valid.  *See id.* at 741; *Peraza v. State*, 467 S.W.3d 508, 514–16 (Tex. Crim. App. 2015) (stating that the defendant must establish that the statute always operates unconstitutionally in all possible circumstances and that only statutory applications that actually authorize or prohibit conduct are considered).  Further, we consider the statute as it is written rather than how it may operate in practice, *Peraza*, 467 S.W.3d at 515, and Section 43.021's gender-neutral language does not discriminate against any suspect class or implicate a fundamental right.  *See Robles v. State*, 585 S.W.3d 591, 595–96 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (stating that strict scrutiny did not apply to due-process complaint about prostitution statute when the appellant failed to show a fundamental right to engage another adult in consensual sexual conduct for a fee); *see also State v. Rosseau*, 396 S.W.3d 550, 557 n.7 (Tex. Crim. App. 2013) (stating that where no suspect classification or fundamental-right violation is involved, a difference in treatment need be only rationally related to a valid public purpose to withstand equal-protection scrutiny).

[6]In his motion to quash, English argued that "[t]he way the . . . new statute is worded and the way it is applied and enforced only prosecutes men"; that "the statute,

4

presenting a complaint for appellate review); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021) (stating that to avoid forfeiting a complaint on appeal, a party must let the trial judge know what he wants and why he thinks he is entitled to it, and he must do so clearly enough for the judge to understand him at a time when the judge is in a position to do something about it); *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (stating that most complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)).

Having now conceded that he agrees with the rationale underlying our original memorandum opinion as to why the facial and as-applied challenges raised in his motion to quash should be overruled, and having forfeited his selective prosecution claim by failing to assert it in his motion to quash, the result here remains unchanged.[7]

---

on its face, and the enforcement and application of the statute, are violations of" equal protection and due process; that "the way the statute is written and applied *must* cause unjust and illegal discrimination"; and that "[t]he statute violates equal protection and due process the way it is enforced and applied."

[7]We do note, however, that had he preserved a selective prosecution complaint for appeal, this, too, would have failed. To establish a prima facie case of selective prosecution, the defendant must show (1) the government has singled him out for prosecution even though the government has not proceeded against others similarly situated to him based on the type of conduct for which he is charged, and (2) the government's discriminatory selection of him for prosecution is either in bad faith or is invidious, i.e., based on an impermissible consideration such as sex. *See Gawlik v. State*, 608 S.W.2d 671, 673 (Tex. Crim. App. 1980); *Ex parte Quintana*, 346 S.W.3d 681, 685 (Tex. App.—El Paso 2009, pet. ref'd); *see also Wright v. State*, No. 02-22-00035-CR, 2023 WL 2703223, at *9 (Tex. App.—Fort Worth Mar. 30, 2023, pet. ref'd) (mem. op., not designated for publication) ("A defendant must come forward with 'exceptionally clear evidence' that the prosecution was initiated for an improper

We overrule English's sole issue, deny his motion for rehearing, and affirm the trial court's order.

_____

reason." (quoting *Nelloms v. State*, 63 S.W.3d 887, 893 (Tex. App.—Fort Worth 2001, pet. ref'd)).

On rehearing, English refers us to *Ex parte Aparicio*, No. 04-22-00263-CR, 2023 WL 4095939, at *10 (Tex. App.—San Antonio June 21, 2023, pet. filed), to support his selective prosecution argument. But this case is like *Aparicio* only in that both defendants are male. While the defendant in *Aparicio* brought forth affirmative evidence of the State's policy to prosecute men and not women for criminal trespass offenses, *see id.* at *1–13, in his brief English points to documents that purport to show that from the date of his offense on September 29, 2021, to May 3, 2022, "the Tarrant County Criminal District Attorney's Office failed to prosecute a single woman for solicitation of prostitution but prosecuted 154 men." In the trial court, English argued that the documents showed 198 cases prosecuted against men. Once again, we will not quibble over numbers, as these numbers—whether 154 or 198—miss the mark.

Unlike the defendant in *Aparicio*, English offered no evidence showing how many men and women were arrested for that offense during the same period or whether there was an internal policy to arrest and prosecute men, but not women, for the offense. *Cf. id.* at *1–9. And although English contended in his appellate brief that the only evidence presented to the trial court "proved that the State singled out men for prosecution," the evidence proved no such thing. *See Robles*, 585 S.W.3d at 597 ("When the claim of selective prosecution is asserted on the basis of sex, the defendant must make a threshold showing that the government declined to prosecute similarly situated suspects of the opposite sex."). Rather, his documentation showed that men were prosecuted, but not that they were singled out in comparison to similarly situated women committing the same offenses or that the State had such a policy of purposeful discrimination. *See United States v. Armstrong*, 517 U.S. 456, 470, 116 S. Ct. 1480, 1489 (1996) (holding no selective prosecution claim was shown when the defendants' evidence did not identify similarly situated individuals who were not black and who could have been, but were not, prosecuted for the offenses for which the defendants had been charged); *Carreras v. State*, 936 S.W.2d 727, 730 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) ("There was no evidence that females anywhere were prosecuted when males allegedly doing the same thing were not prosecuted under similar circumstances.").

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 24, 2023