Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARTHA GARCIA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00382-CR

Appeal from the

243rd District Court

of El Paso County, Texas

(TC# 20020D06478)




O P I N I O N

           This is an appeal from a jury conviction for the offense of interference with child
custody. The jury assessed punishment at 180 days’ confinement and a $500 fine. The court
probated the sentence and assessed two years’ community supervision. We affirm.
I. SUMMARY OF THE EVIDENCE
           The offense charged in this case centered around the failure of Appellant to allow her
ex-husband, Albert Flores, his visitation rights for the couple’s daughter. The divorce decree
named Appellant as the managing conservator of the child, and it named Flores as the
possessory conservator.
           On July 10, 2003, Appellant filed a motion to dismiss or quash the indictment due to
selective prosecution. Appellant also served a subpoena duces tecum upon the District
Attorney’s Office requesting that the District Attorney produce all cases of the offense of
interference with child custody that were accepted and indicted wherein the defendant was
the managing or primary conservator. In turn, the State filed a motion to quash the subpoena
duces tecum.
           A hearing was held on the motion to quash the subpoena duces tecum on August 1,
2003. The trial court temporarily granted the State’s motion to quash the subpoena duces 
tecum. On August 2, 2003, the court signed an order which granted the State’s motion to
quash. The court stated in the order that in order to be entitled to discovery or a hearing on
a claim of selective prosecution, the defendant must provide some evidence demonstrating
the two elements of a selective prosecution claim. The court ruled that the defendant had
failed to show that she was singled out for prosecution while other similarly situated and
committing the same acts have not been prosecuted. Additionally, the defendant failed to
show that the prosecuting authority had purposely discriminated on the basis of such
impermissible considerations as race, religion, or the desire to prevent the exercise of
constitutional rights.
           Appellant filed another motion to quash the indictment, alleging that as Appellant had
legal custody of the couple’s daughter, it was legally impossible for her to commit the
offense of interference with child custody. At a hearing on August, 4, 2003, the court
considered this motion to quash the indictment. Appellant’s counsel argued that as Appellant
had custody of the child, and Albert Flores as a non-custodial parent, had only visitation
rights, she could not interfere with custody rights that Albert Flores did not have. The court
denied Appellant’s motion.
           The court also heard Appellant’s motion to dismiss and quash the indictment based
on selective prosecution. Appellant utilized the testimony of Victor Fierro. He stated that
his ex-wife, who had only visitation rights regarding their child, had fled to Mexico with the
child. He related that the District Attorney’s Office had declined to prosecute his ex-wife. 
The court queried if Appellant had any proof, aside from the fact that a particular case had
not been prosecuted, that Appellant’s prosecution was based upon an impermissible category
such as race or creed. Appellant’s counsel responded that there would be no such evidence. 
The court denied the motion to dismiss or quash the indictment based on Appellant’s claim
of selective prosecution.
           At the trial on the merits, the evidence adduced revealed that Appellant and Albert
Flores were married in 1991. Two children, a boy and a girl, were born of the marriage
before their divorce in 1995. The divorce decree named Appellant as the managing
conservator of the two children. Flores was named possessory conservator, and was entitled
to possession of the children, among other times, on Wednesday of each week from 6 p.m.
to 8 p.m.
           On September 25, 2002, a Wednesday, Flores went to Appellant’s residence to pick
up the children. Upon arrival, Appellant told Flores that she would not allow him to take the
daughter. The boy ran to Flores but the daughter remained in Appellant’s yard. Flores
testified that Appellant had violated his visitation rights in a similar manner on between
twenty and twenty-five occasions in the past.
           Appellant testified that on the Wednesday in question, she got the children ready to
go with their father. Just before 6 p.m., she took the two outside to await Flores’ arrival. The
son went to Flores but the daughter stayed with Appellant. Appellant related that the
daughter stated that she did not want to go with Flores, and she would not do so despite
Appellant’s efforts to get the child to go to her father.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the interference with child custody statute is
not applicable to Appellant because she was the sole managing conservator with legal
custody of the child. Our understanding of Appellant’s contention is that she is contesting
the court’s overruling of her motion to quash the indictment because the interference with
child custody statute does not apply to a sole managing conservator. The question as to
whether an individual may be prosecuted under a particular statute is a question of law and
the reviewing court reviews the trial court’s ruling de novo. State v. Jimenez, 148 S.W.3d
574, 576 (Tex. App.--El Paso 2004, pet. ref’d).
           In construing a statute, the reviewing court’s goal is to effectuate the intent of the
Legislature. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The literal text
of a statute is generally the only definitive evidence of the Legislature’s intent. Id. 
Therefore, we must ordinarily apply the “plain meaning rule,” that is, we must give effect to
the statute’s plain meaning. Id. There is an exception to the plain meaning rule. “[W]here
application of a statute’s plain language would lead to absurd consequences that the
Legislature could not possibly have intended, we should not apply the language literally.” 
Id.
           Tex. Penal Code Ann. § 25.03(a)(1) (Vernon 2003) provides:
(a) A person commits an offense if the person takes or restrains a child younger than
18 years when the person:
(1) knows that the person’s taking or retention violates the
express terms of a judgment or order of a court disposing of the
child’s custody; . . . .

           Appellant contends that the word “custody” implies that only the non-custodial parent
can commit the offense of interference with child custody. However, Tex. Fam. Code Ann.
§ 42.002(a) & (b) (Vernon 2002) provides:
(a) A person who takes or retains possession of a child or who conceals
the whereabouts of a child in violation of a possessory right of another person
may be liable for damages to that person.
(b) A possessory right is violated by the taking, retention, or
concealment of a child at a time when another person is entitled to possession
of or access to the child.
 
Tex. Fam. Code Ann. § 42.008 (Vernon 2002) states:
 
This chapter does not affect any other civil or criminal remedy available
to any person, including the child, for interference with a possessory right, nor
does it affect the power of a parent to represent the interest of a child in a suit
filed on behalf of the child.

           Also, the Family Code defines “visitation” as meaning the possession of or access to
a child. Tex. Fam. Code Ann. § 152.102(16) (Vernon 2002). Clearly, in the present context,
the word “custody” as used in Tex. Penal Code Ann. § 25.03(a)(1) (Vernon 2003) refers
to a determination that includes visitation rights. Further, the statute does not expressly state
that it applies only to the conduct of a non-custodial parent. We find that the plain meaning
of the word “custody” in the statute encompasses both the conduct of the managing
conservator and the possessory conservator who was awarded visitation rights. Issue No.
One is overruled.
           In Issue No. Two, Appellant maintains that the court erred in failing to grant her
motion to quash the indictment on the basis of selective prosecution. Selective prosecution
and vindictive prosecution are not defenses on the merits to the criminal charge, but
independent assertions that the prosecutor has brought the charge for reasons forbidden by
the Constitution. See United States v. Armstrong, 517 U.S. 456, 463, 116 S.Ct. 1480, 1486,
134 L.Ed.2d 687 (1996). Neither issue has any bearing on the determination of actual guilt;
thus, they are issues for the trial court to decide, not issues for the jury. See Galvan v. State,
988 S.W.2d 291, 295 (Tex. App.--Texarkana 1999, pet. ref’d).
           To support a defense of selective or discriminatory prosecution, a defendant must
make a prima facie showing that (1) although others similarly situated have not generally
been proceeded against because of conduct of the type forming the basis of the charge
against him, he has been singled out for prosecution, and (2) the government’s discriminatory
selection of him has been invidious or in bad faith, i.e., based upon such impermissible
considerations as race, religion, or the desire to prevent his constitutional rights. Hall v.
State, 137 S.W.3d 847, 855 (Tex. App.--Houston [1st Dist.] 2004, pet. ref’d) (citing Gawlik
v. State, 608 S.W.2d 671, 673 (Tex. Crim. App. [Panel Op.] 1980)).
           The presumption is always that a prosecution for violation of criminal law is
undertaken in good faith and in a nondiscriminatory fashion to fulfill a duty to bring violators
to justice. Hall, 137 S.W.3d at 855. An appellant claiming selective prosecution must come
forth with “exceptionally clear evidence” that the prosecution was initiated for an improper
reason. Nelloms v. State, 63 S.W.3d 887, 893 (Tex. App.--Fort Worth 2001, pet. ref’d).
           In the present case, Appellant conceded that she had no evidence to indicate an
improper motive on the part of the State regarding the prosecution. Because she had failed
to present any such evidence, she has failed to establish under the requisite standard that
there was an improper selective prosecution.
           Appellant also contends that the court erred by granting the State’s motion to quash
Appellant’s subpoena duces tecum. In Carreras v. State, 936 S.W.2d 727, 729 (Tex. App.--Houston [14th Dist.] 1996, pet. ref’d), cert. denied, 522 U.S. 933, 118 S.Ct. 338, 139 L.Ed.2d
262 (1997) the court, citing United States v. Armstrong, 517 U.S. 456, 116 S.Ct. 1480, 134
L.Ed.2d 687 (1996), stated that the justifications for a rigorous standard of proof by the
defendant in an alleged selective prosecution case require a correspondingly rigorous
standard for discovery in aid of it. Accordingly, in order to be entitled to discovery relief in
pursuing a selective prosecution claim, the accused must present to the trial court some
evidence tending to show the existence of both elements of a selective prosecution claim; that
is, both discriminatory effect and discriminatory intent. Armstrong, 517 U.S. at 468, 116
S.Ct. at 1488.
           Appellant maintains that the testimony of Victor Fierro at the hearing on the motion
to quash and dismiss the indictment demonstrated both requisite elements of a selective
prosecution claim. However, even if Fierro’s testimony arguably shows discriminatory
effect, we fail to perceive how Appellant has demonstrated discriminatory intent. At trial,
Appellant stated that no such evidence would be demonstrated and it has not been
demonstrated. Accordingly, Issue No. Two is overruled.
           We affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 25, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)