COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

§

§

§

§

EX PARTE:  VERONICA RACHEL
QUINTANA.

No. 08-08-00227-CR

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 20080D02018)

## O P I N I O N

"On the sea there is a tradition older even than the traditions of the country itself . . . .  It is the tradition that with responsibility goes authority and with them both goes accountability."[1]

This is an appeal of a denial of a pretrial writ of habeas corpus.  Veronica Rachel Quintana is an elected city representative of El Paso, Texas.  In November 2007, she was arrested and charged with Class A misdemeanor forgery.  The El Paso District Attorney assigned a supervisory prosecutor to handle the prosecution with public instructions that no offer of deferred adjudication or pretrial diversion was authorized.  The prosecutor was further instructed that if Appellant were to plead guilty to the charged offense, any disposition other than pretrial diversion or deferred adjudication would be available for negotiation.  On May 2, 2008, Appellant filed a pretrial habeas corpus application with the trial court and alleged that refusing to allow her to dispose of her case through pretrial diversion constitutes selective and vindictive

_____

[1] Hobson's Choice, *Wall Street Journal*, May 14, 1952.

prosecution because it violated her Equal Protection right and First Amendment right to be an elected official. The court heard the writ on May 9, 2008 but denied relief. She appeals to this Court.

In Issue One, Appellant argues that the trial court misapplied the law by refusing to dismiss the information or require the State to allow her to enter the pretrial diversion program as an alternative to prosecution. Her argument is threefold. First, she argues that denying her pretrial diversion is selective prosecution because it violates her Equal Protection right as well as her First Amendment right to serve as an elected official. Second, the denial constitutes vindictive prosecution because the refusal to offer her pretrial diversion was a direct and unjustifiable consequence and penalty of her exercise of a protected legal right. Third, Appellant argues that the prosecutor interfered with her First Amendment right to elected office because without pretrial diversion, she will be removed from office pursuant to El Paso City Charter § 2.1. And related to that, she argues that the denial based on her exercise of rights protected by the First Amendment, namely holding public office, violated her civil rights under 42 U.S.C. § 1983.

When we review a trial court's decision to grant or deny habeas corpus relief, we view the facts "in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of discretion." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006). If the resolution of the ultimate questions turns on an evaluation of credibility and demeanor, we provide the same amount of deference to the trial court's application of the law to the facts. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). However, if the resolution of the ultimate questions turns on an application of legal standards, we review the determination *de*

*novo*. *See id*. Because Appellant argues the trial court has misapplied the law in this instance, we review the denial of pretrial habeas corpus *de novo*. *See id*.

Selective prosecution and vindictive prosecution are not defenses on the merits to the criminal charge but independent assertions that the prosecutor has brought the charge for reasons that the Constitution prohibits. *See United States v. Armstrong*, 517 U.S. 456, 463, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996); *Garcia v. State*, 172 S.W.3d 270, 273 (Tex.App.--El Paso 2005, no pet.). Generally, prosecutors have broad discretion in enforcing criminal laws. *See Neal v. State*, 150 S.W.3d 169, 173 (Tex.Crim.App. 2004). But selective prosecution does limit a prosecutor's otherwise broad discretion in determining what crimes to prosecute and how. *See Roise v. State*, 7 S.W.3d 225, 242-43 (Tex.App.--Austin 1999, pet. ref'd), *cert. denied*, 531 U.S. 895, 121 S.Ct. 225, 148 L.Ed.2d 160 (2000).

*Selective Prosecution*

A defendant who believes that she is subjected to selective prosecution bears the burden of proving purposeful discrimination. *See Green v. State*, 934 S.W.2d 92, 103 (Tex.Crim.App. 1996). This burden falls on the defendant because the presumption is that a prosecution for a violation of a criminal law is taken upon in "good faith and in nondiscriminatory fashion" to bring violators to justice. *See Gawlik v. State*, 608 S.W.2d 671, 673 (Tex.Crim.App. 1980); *Garcia*, 172 S.W.3d at 274. To establish a prima facie case, the defendant must show that: (1) the government has singled her out for prosecution even though the government has not proceeded against others similarly situated as her based on the type of conduct for which she is charged; and (2) the government's discriminatory selection is invidious, which means that the selection is based on impermissible considerations such as race, religion, or the desire to prevent

her exercise of constitutional rights, or based on some arbitrary classification. *See Garcia*, 172 S.W.3d at 273-74; *Gunnels v. City of Brownfield*, 153 S.W.3d 452, 464 (Tex.App.--Amarillo 2003, pet. denied). The defendant must provide "exceptionally clear" evidence that the decision to prosecute was for an improper reason to establish a prima facie case of selective prosecution. *See Garcia*, 172 S.W.3d at 274. Once the defendant makes a clear showing of an Equal Protection violation, the burden shifts to the State to justify the discriminatory treatment. *See Johnson v. California*, 543 U.S. 499, 505, 125 S.Ct. 1141, 1146, 160 L.Ed.2d 949 (2005). However, the Equal Protection clauses of the U.S. and Texas Constitutions only require a rational basis for the distinction unless it discriminates against a suspect class or impinges on a fundamental right. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex.Crim.App. 1995). The likelihood that the individual prosecuted will receive the media's attention is a proper basis for selective prosecution. *See Miller v. State*, 874 S.W.2d 908, 915 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). For example, in *Miller*, the appellate court held that the appellant's status as the Brazos County sheriff was a legitimate basis to prosecute only him for gambling and not to prosecute other participants who were also gambling at the same location due to the potential deterrent effect such prosecution will have on others in society. *Id*. at 915-16.

It is uncontested that Appellant is eligible for pretrial diversion under the El Paso District Attorney's ordinary policies. However, the El Paso District Attorney has very publicly singled her out for disparate treatment, and we find that she has satisfied the first part of the selective prosecution test.

In its writ answer, the State represented that the factors relevant to the prosecutorial decision in Appellant's case include: (1) Appellant is an elected official and thus should be held

-4-

to a higher standard; (2) Appellant should have known better than to engage in the conduct that she did; (3) the offense involved a high level of sophistication, planning, and determined intent; and (4) this case is of a type that a jury should decide. Although Appellant has shown that the State singled her out for prosecution because of her status as an elected official, she does not provide any exceptionally clear evidence that the State prosecuted her because it desired to prevent her from exercising any constitutional rights. "It is no requirement of equal protection that all evils of the same *genus* be eradicated or none at all." [Emphasis added]. *Railway Exp. Agency v. People of State of N.Y.*, 336 U.S.106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 533 (1949). We find, therefore, that she has failed to show that the prosecutorial selection in her case was based on any impermissible considerations.

However, because one of the factors the State used in basing its decision to prosecute Appellant concerns her elected official status, we find that the State's discriminatory selection to prosecute her is based on an arbitrary classification. As a result, Appellant has satisfied the second part of the selective prosecution test, and she has successfully established a prima facie case for selective prosecution. *See Garcia*, 172 S.W.3d at 273-74; *Gunnels*, 153 S.W.3d at 464.

The State then bears the burden to justify the discriminatory treatment in prosecuting her. *See Johnson*, 543 U.S. at 505, 125 S.Ct. at 1146. Again, Appellant challenges the State's selective prosecution based on her elected official status, which implicates neither a suspect class nor a fundamental right. Therefore, we use the rational basis test to determine whether the prosecutor's action was rationally related to a legitimate governmental interest. *See Flores*, 904 S.W.2d at 130. We conclude that the State's decision to prosecute Appellant is rationally related to a legitimate governmental interest because elected officials will or are likely to receive media

attention, and such a prosecution serves to deter potential similar conduct by others. *See Miller*, 874 S.W.2d at 915. Thus, the State has satisfied its burden to justify its discriminatory treatment of Appellant. We overrule the first part of Issue One, that the State engaged in selective prosecution because the refusal to offer Appellant pretrial diversion violated her Equal Protection right as well as her First Amendment right to serve in a public office to which she has been elected.

*Vindictive Prosecution*

We now turn to Appellant's claim of vindictive prosecution. A defendant establishes a claim for vindictive prosecution by offering either: (1) proof of circumstances that pose a realistic likelihood of such misconduct sufficient to raise a presumption of prosecutorial vindictiveness, which the State must rebut or face dismissal of the charges; or (2) proof of actual vindictiveness, that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Neal*, 150 S.W.3d at 173. Under either prong, "'[i]f the defendant is unable to prove actual vindictiveness or a realistic likelihood of vindictiveness, a trial court need not reach the issue of government justification.'" *Id*. at 175. Simply stated, the State could have stood mute unless the defendant satisfies her burden of proof under either prong. *See id*. Under the first prong, the Supreme Court has held that there is a presumption of prosecutorial vindictiveness if the State pursues increased charges or sentence after a defendant has been convicted, exercises her legal right to appeal, and obtains a new trial. *United States v. Goodwin*, 457 U.S. 368, 381, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74 (1982). When the presumption from the first prong does not apply, courts look at the second prong, which grants a defendant relief if she can show actual vindictiveness.

*Neal*, 150 S.W.3d at 174.  A defendant establishes such a claim by proving with objective evidence that the prosecutor's charging decision was a "direct and unjustifiable penalty" that resulted "solely from the defendant's exercise of a protected legal right." *Id*.  The defendant bears the burden of both production and persuasion without the aid of any legal presumption. *Id*.

Here, Appellant does not argue that she can establish a constitutional claim of prosecutorial vindictiveness under the first prong of *Neal*.  She makes her argument under the second prong and claims that she has exercised a protected legal right by holding public office and possessing the status of an elected official.  Appellant's assertion that the First Amendment protects an individual's right to seek and hold public office is correct. *See* U.S. Const. amend. I.  The facts show that the State based its decision in refusing to grant Appellant pretrial diversion or deferred adjudication in part on her status as an elected official.  Therefore, the prosecutor's charging decision resulted, at least in part, from Appellant's exercise of a protected legal right.

Once again, the State represented that the factors relevant to the prosecutorial decision in Appellant's case include:  (1) Appellant is an elected official and thus should be held to a higher standard; (2) Appellant should have known better than to engage in the conduct that she did; (3) the offense involved a high level of sophistication, planning, and determined intent; and (4) this case is of a type that a jury should decide.  This indicates the State based its decision to deny Appellant pretrial diversion on various factors apart from her status as an elected official, and we cannot find that the District Attorney's prosecutorial tactics derived solely from her exercise of a protected legal right.  Therefore, we overrule the second part of Issue One, that the State engaged in vindictive prosecution because the refusal to offer her pretrial diversion was a direct and unjustifiable penalty that resulted from her exercise of a protected legal right.

Because Appellant has failed to establish her claims of selective and vindictive prosecution, there is no need to address Appellant's argument that the allegedly unlawful prosecution interfered with her First Amendment right to her elected office.

Appellant analogizes the alleged violations of her constitutional rights by the State to a First Amendment retaliatory claim under 42 U.S.C. § 1983. However, we have not found any binding legal authorities in her brief to support this analogy. *See* TEX.R.APP.P. 38.1. Therefore, we overrule the third part of Issue One, that the State violated Appellant's rights by taking action against Appellant based on her exercise of First Amendment rights.

We affirm the trial court's denial of habeas corpus relief.


October 8, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Publish)