In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00473-CR
_____

## IN RE MICHAEL W. BOHANNAN

**Original Proceeding**

## MEMORANDUM OPINION

Michael W. Bohannan filed a petition for writ of mandamus and prohibition against the trial court and the District Attorney in an ongoing criminal proceeding in the 435th District Court of Montgomery County. He has been indicted for violating an order of civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010). The violations are alleged to have occurred after the trial court signed the order of civil commitment and before the Texas Supreme Court affirmed this Court's reversal of that order. *See In re Commitment of Bohannan*, No. 09-09-00165-CV, 2010 WL 2854254, at *1 (Tex. App.—Beaumont Jul. 22, 2010), *affirmed*, No. 10-0605, 2012 WL 3800317, at *1 (Aug. 31, 2012).

1

In a criminal case, to be entitled to mandamus relief the relator must establish that (1) he has no other adequate legal remedy and that (2) the act he seeks to compel or prohibit is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Bohannan contends the trial court has refused to rule on his pre-trial habeas petition, but concedes the trial court refused to rule on his *pro se* application because appointed counsel has been provided for Bohannan. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (the court may disregard *pro se* submissions when an applicant is represented by counsel). The trial court may appoint counsel for purposes of habeas proceedings as well as trial proceedings. *See* Tex. Code Crim. Proc. Ann. art. 1.051(d) (West Supp. 2012).

Arguing that he is being unfairly stigmatized by the criminalization of the violation of a condition of a civil commitment order that has been reversed, Bohannan asks this Court to prohibit the trial court from proceeding in the criminal case. He has not shown that a right is being violated that cannot be adequately addressed on appeal if he is convicted. *See Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998).

Bohannan argues the trial court lacks jurisdiction because the offense was committed in Tarrant County. *Contra* Tex. Code Crim. Proc. Ann. art. 13.315 (West Supp. 2012) (an offense under section 841.085 may be prosecuted in the county in which any element of the offense occurs or in Montgomery County). Venue is proven at trial.

2

*See* Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005). Bohannan also argues that the District Attorney lacks the authority to prosecute an offense that occurred in Tarrant County. We lack mandamus jurisdiction over the District Attorney when our jurisdiction is not implicated. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004).

Bohannan argues section 22.221(d) of the Texas Government Code gives this Court original habeas jurisdiction over an order confining him, but Bohannan is confined pursuant to an arrest warrant arising from an indictment in a criminal case. Our original habeas jurisdiction does not extend to criminal cases. *See* Tex. Gov't Code Ann. § 22.221(d); Tex. Code Crim. Proc. Ann. art. 11.05 (West 2005).

In an additional filing, Bohannan contends the District Attorney amended the indictment to add enhancement allegations in retaliation for his having sought mandamus relief in this Court. He has not shown that he has no available remedy other than mandamus to address his claim. *See Ex parte Quintana*, 346 S.W.3d 681, 686-87 (Tex. App.—El Paso 2009, pet. refused) (appeal of pre-trial habeas alleging prosecutorial vindictiveness).

Finally, Bohannan complains that the District Clerk has not processed his notice of appeal from the denial of his motion to recuse the trial judge. Because a ruling on a motion to recuse may only be reviewed on appeal from the final judgment, a notice of appeal would be premature. *See Green v. State*, 374 S.W.3d 434, 445-46 (Tex. Crim. App. 2012), *cert. denied*, No. 12-6652, 12A346, 2012 WL 4812684 (Oct. 10, 2012).

Relator has not established his right to the relief sought in his petition. Accordingly, the petition is denied.

PETITION DENIED.

PER CURIAM

Submitted on October 22, 2012
Opinion Delivered November 14, 2012
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.