

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00230-CR

**EX PARTE** Isaac **BARAHONA-GOMEZ**

From the County Court, Kinney County, Texas
Trial Court No. 14039CR
Honorable Susan D. Reed, Judge Presiding[1]

Opinion by:  Irene Rios, Justice

Sitting:  Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: September 27, 2023

REVERSED AND REMANDED

Appellant Isaac Barahona-Gomez appeals the trial court's order denying his habeas relief. We reverse and remand.

### BACKGROUND

As part of Operation Lone Star ("OLS"), Barahona-Gomez, a noncitizen, was arrested for trespassing on private property in Kinney County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his rights under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Barahona-Gomez argued

---

[1] Senior Judge Susan D. Reed signed the order denying the habeas corpus relief at issue in this appeal.

the State's selective prosecution of men, and not similarly-situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights.

Without conducting an evidentiary hearing, on March 8, 2023, the trial court denied Barahona-Gomez's application for writ of habeas corpus stating,

> ON this day came on to be heard the Application for Pretrial Writ of Habeas Corpus filed in [this cause]. The Court having considered same is of the opinion same should be:

> Denied without hearing. [Barahona-Gomez] is attempting to use a pre-trial Writ of Habeas Corpus to advance an as-applied constitutional challenge and resolution would be aided by the development of a record at trial. Further[,] the undersigned is aware women are being arrested and charged under Operation Lone Star and has arraigned women on the charge of Criminal Trespass under OLS prosecutions.

Because the trial court denied his requested relief, and did so without an evidentiary hearing, Barahona-Gomez appealed.

## JURISDICTION

The trial court's order specifies the trial court: (1) heard and considered Barahona-Gomez's habeas application, (2) based its ruling on its consideration of the application, (3) denied it without an evidentiary hearing, and (4) explained its reasoning—Barahona-Gomez's failure to present a cognizable claim and the trial court's personal knowledge that would defeat Barahona-Gomez's claim nonetheless. We conclude the trial court ruled on the merits of Barahona-Gomez's habeas application, and thus we have jurisdiction. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991) (clarifying an appellate court has jurisdiction over an appeal of a trial court's denial of an application for writ of habeas corpus regardless of whether the trial court refuses to issue the writ or conduct an evidentiary hearing if the trial court "under[takes] to rule on the merits of the application").

## DISCUSSION

Barahona-Gomez argues the trial court erred in denying his relief on his selective-prosecution equal protection claim, emphasizing that his claim is cognizable.

### A. Standard of Review

In reviewing a trial court's decision to grant or deny habeas corpus relief, we defer to the trial court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Perusquia*, 336 S.W.3d 270, 275 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd). Thus, we view the facts in the light most favorable to the court's ruling and will uphold it absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d at 324; *Ex parte Perusquia*, 336 S.W.3d at 274-75; *Ex parte Quintana*, 346 S.W.3d at 684. "We afford almost total deference to the trial court's determination of historical facts that are supported by the record, and to mixed questions of law and fact, when the resolution of those questions, turn[s] on evaluations of credibility and demeanor." *Ex parte Perusquia*, 336 S.W.3d at 275. "If the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id*.

### B. Cognizable Pretrial Claim

Barahona-Gomez's habeas proceeding concerns the same controlling issue—whether selective-prosecution claims are cognizable in pretrial habeas proceedings—we reviewed in *Ex parte Aparicio*, No. 04-22-00623-CR, 2023 WL 4095939, at *1–*2 (Tex. App.—San Antonio June 21, 2023, pet. granted). Without conducting an evidentiary hearing, the trial court denied Barahona-Gomez's application for writ of habeas corpus asserting his equal protection rights provided by the federal and state constitutions were not cognizable pretrial. As explained in

*Aparicio*, this conclusion is not correct. *See id*. at \*2. Barahona-Gomez's equal-protection claim is cognizable in a pretrial habeas proceeding. *See id*.

### C. Trial Court's Finding Supporting its Ruling

Like the trial court in *Aparicio*, the trial court here made an explicit finding in denying Barahona-Gomez's habeas relief. Specifically, the trial court found, based on its personal knowledge, that women were being arrested and charged for criminal trespass under OLS and that the trial court had arraigned women charged for this offense under OLS. However, the record on appeal provides no evidence supporting this conclusion. *See Ex parte Perusquia*, 336 S.W.3d at 275; *see also Casas v. State*, 524 S.W.3d 921, 924–25 (Tex. App.—Fort Worth 2017, no pet.) (explaining the necessity that the trial court's decision be based on evidence, not on the trial judge's personal knowledge); *Gentry v. State*, No. 06-05-00237-CR, 2006 WL 932057, at \*3 (Tex. App.—Texarkana Apr. 12, 2006, no pet.) (mem. op., not designated for publication) (voiding a trial court's ruling when its ruling was not based on evidence adduced in a hearing; but rather on the trial judge's personal knowledge). Thus, the trial court's order cannot be upheld on the trial judge's personal knowledge that "women are being arrested and charged under Operation Lone Star and [the trial judge] has arraigned women on the charge of Criminal Trespass under OLS prosecutions."

Moreover, we also note, the evidence relevant to an applicant's selective-prosecution claim is that which existed at the time of the applicant's arrest. *See Aparicio*, 2023 WL 4095939, at \*13 (citing *Gonzales v. Police Dep't*, 901 F.2d 758, 762 (9th Cir. 1990) ("Curative measures simply do not tend to prove that a prior violation did not occur."); *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 346 (10th Cir. 1975) (explaining that conduct after the filing of charges "does not constitute cogent evidence of lack of prefiling discrimination" and if "taken into account at all, it might tend to show the existence of prior discrimination and an effort to repair the harm after

discovery")). Barahona-Gomez was arrested on November 9, 2022. Only the evidence existing at that time is relevant in this case.

Therefore, we reverse and remand this habeas proceeding for an evidentiary hearing to allow Barahona-Gomez to present a prima facia case of a selective-prosecution equal protection claim. If Barahona-Gomez satisfies his burden, the State should then be allowed to present its evidence supporting why the State's discriminatory classification was justified under intermediate scrutiny (Barahona-Gomez's federal claim) and strict scrutiny (Barahona-Gomez's state claim). *See Aparicio*, 2023 WL 4095939, at *7; *see also Ex parte Vazquez-Bautista*, No. 04-22-00630-CR, 2023 WL 5089004, at *2 (Tex. App.—San Antonio Aug. 9, 2023, no pet. h.) (reversing trial court's order generally denying applicant's pretrial selective-prosecution habeas claim on the basis of equal protection and remanding for the trial court to "require the State to respond to both federal and state selective prosecution claims on the basis of equal protection, and . . . make specific findings of fact and conclusions of law setting out its rulings on whether the State meets its burden of proof to justify its discriminatory treatment of [Vazquez]") (quoting *Aparicio*, 2023 WL 4095939, at *13).

On remand, the trial court should make specific findings of fact and conclusions of law setting out its rulings on whether Barahona-Gomez met his prima facia case of a selective-prosecution equal protection claim. If Barahona-Gomez satisfies his burden, the trial court should make further findings of fact and conclusions of law whether the State met its burden of proof to justify its discriminatory treatment of Barahona-Gomez at the time of his arrest.

**CONCLUSION**

For the reasons stated above, we reverse the trial court's order denying Barahona-Gomez's requested relief on his petition for writ of habeas corpus and remand the cause for further proceedings consistent with this opinion.

Irene Rios, Justice

Do not publish