**REVERSE and REMAND and Opinion Filed August 8, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00216-CR**

**EX PARTE ALEJANDRO RIVERA SAAVEDRA**

**On Appeal from the County Court**
**Kinney County, Texas**
**Trial Court Cause No. 11350CR**

# MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Appellant Alejandro Rivera Saavedra is a noncitizen arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Rivera Saavedra filed an application for a pretrial writ of habeas corpus, requesting the court to issue a habeas writ and dismiss the underlying charge, and contending he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a. The habeas court denied his application on the merits and Rivera Saavedra appealed, contending the habeas court erred in not granting his requested

relief.[1] We reverse and remand to the habeas court with instructions to discharge Rivera Saavedra from bail and dismiss this criminal case with prejudice.

## I. STANDARD OF REVIEW

In reviewing the habeas court's decision to grant or deny habeas corpus relief, we defer to that court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd). And we view the facts in the light most favorable to the habeas court's ruling, upholding it absent an abuse of discretion. *Id.*; *see also Ex parte Trevino*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.). Reviewing courts must also defer to implicit findings of fact that support the habeas court's ultimate ruling. *Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio 2023, pet. filed) (en banc).

To prevail on a writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to

---

[1]The Supreme Court transferred this appeal from the Fourth Court of Appeals. *See* Misc. Docket No. 23-9109 (Tex. Dec. 21, 2023) (docket equalization order). Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

relief. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. art. 11.01.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    Rivera Saavedra's arrest and application for a pretrial writ of habeas corpus**

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety to initiate OLS "to deter[ ] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted).

As part of OLS, the Department of Public Safety arrested Rivera Saavedra for trespass in Kinney County on August 7, 2021. Rivera Saavedra filed an application for a pretrial writ of habeas corpus seeking dismissal of the criminal charge and arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment because the State was selectively prosecuting men—but not similarly situated women—for criminal trespass under OLS. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a. Rivera Saavedra attached several exhibits supporting his claim that the State had a policy of arresting only noncitizen men for criminal trespass while referring similarly situated noncitizen women to Border Patrol. Among the exhibits was a Notice of Stipulation filed in another OLS case in which the State stipulated:

–3–

"women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing."

The habeas court found Rivera Saavedra established a prima facie case but denied his application, concluding that the State's "action furthered a legitimate governmental objective and interest." Though Rivera Saavedra filed a notice of appeal, the State did not, and therefore we review only whether the State satisfied its burden to rebut Rivera Saavedra's prima facie case.

## B.     Legal background

We begin with the Fourth Court of Appeals' opinion in *Ex parte Aparicio*, issued about seven months before the habeas court ruled on Rivera Saavedra's habeas application. Aparicio made a pretrial habeas claim that he was a noncitizen arrested for criminal trespass in Maverick County as part of OLS, identical to Rivera Saavedra's. *Aparicio*, 672 S.W.3d at 701. As in this case, the habeas court denied Aparicio's writ on the merits despite undisputed evidence that the State was criminally prosecuting only noncitizen men for trespass under OLS and that, "as part of OLS, 4,076 people had been arrested for misdemeanor offenses and not a single individual arrested was a woman." *Id.* at 706, 714. The habeas court found Aparicio's equal protection argument failed because the State could prosecute women if it "chose to." *Id.*

The Fourth Court of Appeals held Aparicio met his initial burden of establishing a prima facie case of selective prosecution by showing that "the

–4–

prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 713. The burden then shifted to the State "to justify the discriminatory treatment." *Id.* at 715 (citing *Ex parte Quintana*, 346 S.W.3d at 685).

As the Fourth Court pointed out, Aparicio's federal equal protection claim was subject to intermediate scrutiny, requiring the State to demonstrate that its "discriminatory classification is substantially related to an important governmental interest." *Id.* at 708 (citing *Clark v. Jeter*, 486 U.S. 456, 461 (1988); *Casarez v. State*, 913 S.W.2d 468, 493 (Tex. Crim. App. 1994) (en banc) (op. on reh'g)). And Aparicio's state-based equal rights claim was subject to strict scrutiny, requiring the State to demonstrate that its actions were "narrowly tailored to serve a compelling governmental interest." *Id.* at 716 (citing *In re Dean*, 393 S.W.3d 741, 749 (Tex. 2012)).

On appeal, the State argued "the emergency situation on Texas's southern border justifies its discriminatory actions." *Id.* However, the court of appeals noted that the habeas court never reached the merits of that issue, as it determined Aparicio had not met his burden of establishing a prima facie case of selective prosecution on the basis of sex. *Id.* The court therefore reversed the habeas court's denial of Aparicio's application for a writ of habeas corpus and remanded the matter to the

habeas court to "determine whether the State's discriminatory classification was justified" under both constitutional claims.[2] *Id.*

The Fourth Court of Appeals has since decided several cases involving OLS prosecutions of men and held the State failed to meet its burden of establishing a justification for its gender discrimination. Recently, the court issued *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed), involving a similar claim of selective prosecution on the basis of sex made in an application for a pretrial writ of habeas corpus by another noncitizen man arrested in Kinney County for criminal trespass as part of OLS. In that case, the habeas court issued the writ, held an evidentiary hearing, then granted the writ. *Id.* at *1.

The State appealed, conceding it had only arrested men at the border under OLS but arguing its discriminatory actions were justified based on "(1) Governor Abbott's Proclamation declaring an emergency regarding border security; and (2) testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees." *Id.* at *5. The Fourth Court of Appeals rejected the State's argument, finding that although security at the border may be considered a compelling interest, the State did not demonstrate its actions were narrowly tailored

---

[2] The Court of Criminal Appeals granted the State's petition for discretionary review and granted review on the additional question "Whether the Court of Appeals erred in reversing the habeas court's finding that Appellant failed to establish a prima facie case of selective prosecution on the basis of sex discrimination." *See Aparcio v. State*, No. PD-0461-23, 2024 WL 178283 (Tex. Crim. App. Jan. 17, 2024).

to serve that interest. *Id.* The court noted OLS was a multi-billion-dollar operation, and the State did not explain why it could not have allocated funds for a facility to hold women. *Id.* The court therefore held the habeas court did not abuse its discretion in "concluding the State failed in its burden of justifying its discriminatory conduct under strict scrutiny, as required by Texas's Equal Rights Amendment," and it affirmed the decision to grant Gomez his requested relief and dismiss his criminal case.[3] *Id.*

In addition, the Fourth Court of Appeals recently held a habeas court erred in denying an OLS defendant's habeas applications where the State again failed to meet its burden of establishing a justification for its gender discrimination despite having the opportunity to do so. *See Vazquez-Bautista*, 683 S.W.3d at 513–14; *Ex Parte Gonzalez-Morales*, No. 04-22-00629-CR, 2023 WL 8793121, at *3 (Tex. App.—San Antonio Dec. 20, 2023, pet. filed) (mem. op., not designated for publication).

### III.  WE REVERSE AND REMAND FOR DISMISSAL OF THE CHARGE

Rivera Saavedra argues the habeas court erred by denying his selective prosecution claim because he properly raised his claim in a pretrial habeas writ and the State failed to justify its discriminatory policy. We agree with Rivera Saavedra.

---

[3]The Fourth Court has reached a similar result in several other cases. *See, e.g., State v. Rodriguez Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication); *State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication).

As a transferee court, we follow Fourth Court of Appeals precedent. *See* TEX. R. APP. P. 41.3. The Fourth Court of Appeals has concluded a selective-prosecution claim on the basis of equal protection is cognizable in a pretrial habeas proceeding. *Aparicio*, 672 S.W.3d at 709.

With regard to Rivera Saavedra's claim under the Texas Constitution's Equal Rights Amendment, the State must satisfy strict scrutiny—to show that its discriminatory classification is narrowly tailored to serve a compelling governmental interest. *See id.* at 716. With regard to his federal equal protection claim, the State must meet intermediate scrutiny—to show "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)); *Aparicio*, 672 S.W.3d at 708.

As set forth above, the Fourth Court of Appeals has rejected the State's various attempts to justify its policy of gender discrimination during the same relevant time period, holding that although security at the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *See Gomez*, 2023 WL 7552682, at *5–6; *Rodas*, 2023 WL 8103194, at *2; *Compean*, 2023 WL 8104870, at *2. Additionally, the Fourth Court has rejected the State's attempts to justify "that the classification serves 'important

governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.*

The State offers no briefing on these consequential questions, instead spending the first half of its brief arguing the cognizability issue though this court may not deviate from Fourth Court of Appeals precedent. *See* TEX. R. APP. P. 41.3. The State spends the second half of its brief arguing Rivera Saavedra failed to prove his prima facie case but the State failed to file a notice of appeal and has offered no legal authority to support the contention that it may appeal an adverse finding in an order denying pretrial habeas relief. In any event, the Fourth Court has repeatedly found the prima facie case requirement satisfied on the same legal and factual scenario Rivera Saavedra presented. *See, e.g., Gomez*, 2023 WL 7552682, at *4–5 (citing *Aparicio*, 672 S.W.3d at 701–06, 715).

Here, the trial court found "Governor Abbott has issued a Proclamation of Disaster for the border and it remains in effect. The Proclamation speaks for itself and was admitted and is considered. The Governor's purpose speaks for itself." The court admitted as "truthful" DPS Regional Director Victor Escalon's September 29, 2023 affidavit "for the history of OLS." The court also found OLS addressed a "surge of crime on the border including human smuggling, trafficking[,] and trespass as it related to the unprecedented number of illegal crossings of immigrants." And, the rural border counties'

jails are small and were unable to house the number of individuals arrested for crimes targeted by OLS. Thus law enforcement made decisions on whether to charge under State law or whether to turn over to federal authorities for their prosecution of those individuals detained on private property without owners['] permission. Consideration was given to not only gender but as to who was traveling with whom, i.e. family situation, age, and children. These factors were not treated individually but as a composite of the factors relating to the specific person. Included in the consideration was availability of space permitted under jail standards and whether the offense was felony or misdemeanor. Both genders were arrested under OLS from its inception. Further, both men and women were released to Federal authorities as opposed to just men. The decisions made at the time of arrest were not based solely on gender.

The court concluded

This Court finds the charging decisions made by OLS law enforcement were done not with purposeful discrimination but to be able to immediately deal with the situation at hand during a state of emergency and disaster. There was danger to life and property, lack of housing availability and a humanitarian purpose not to re-victimize trafficked individuals or deprive children of guardians. Their action furthered a legitimate governmental objective and interest. Although the applicant makes a prima facie case, the State has rebutted same. The State has met its burden of justification.

As an initial matter, the court's order fails to adequately find the State complied with either intermediate or strict scrutiny, though its attempt to do so appears to fall between applying the rational basis test and the intermediate scrutiny test. *Compare Aparicio*, 672 S.W.3d at 708 (intermediate scrutiny: discriminatory classification is substantially related to an important governmental interest) *with Black v. State*, 26 S.W.3d 895, 897 (Tex. Crim. App. 2000) (rational basis test requires action to be rationally related to a legitimate governmental purpose).

–10–

In any event, the State failed to meet its strict scrutiny burden under the Texas Constitution to establish that its action is narrowly tailored to serve a compelling governmental interest. The State characterizes its choice not to fund prosecuting women under OLS as "common-sense logistics during a declared emergency," but this is the same non-answer to the constitutional question that the Fourth Court of Appeals has rejected before. *See Vazquez-Bautista*, 683 S.W.3d at 513. And the State continues to fault Rivera Saavedra for offering "no real alternatives for the State other than pie-in-the-sky Herculean feats of logistical prowess," but again, the Fourth Court has rejected that burden-shift. *Id.* The State notes non-citizen women who are arrested with men and taken into State custody for trespass are turned over to federal authorities, but this too is disparate treatment and is not the least restrictive alternative. The State claims it had difficulty distinguishing between trespassing women and trespassing women being "smuggled or trafficked by their male companions." And, the State claims it would—"if jail space permitted"—arrest women for felony smuggling, though it provides no evidence for this assertion.

Crucially, the State continues to admit that it had a policy of not arresting women until November 2022, over a year after Rivera Saavedra's arrest. The post hoc remedial measures the State has taken—perhaps in response to the Fourth Court's holdings in OLS cases—do not buttress a claim that refusing to arrest women with trespass is the most narrowly tailored action to combat its compelling interest. There is insufficient record evidence to support the State's assertion that

OLS is narrowly tailored to serve its compelling interest of border security. *See id.* at 513.

The State also fails to satisfy intermediate scrutiny by showing that the classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives. *See id.* (cleaned up). The State, again, has failed to provide evidence regarding the feasibility of bearing the financial burden of arresting, housing, and prosecuting women, as it has by modifying existing facilities to house male detainees. *See id.* at 514. The State cites the lack of separate facilities for women, which are required by its own Commission on Jail Standards. But the State knew about its policy many years before instituting OLS. The State continues to refer to gender-specific arrest data but fails to provide it in the record. It also refers to a much larger number of men trespassing in the OLS area but again provides no data to support the assertion. Even if the data bear out these assertions, the disparity fails to justify the discriminatory conduct of charging men but not women. Taken together, the State has failed to explain how its policy of arresting men but not similarly situated women for trespass was substantially related to its important border security interest. *See id.* (cleaned up).

## IV. CONCLUSION

Reviewing the facts in the light most favorable to the trial court's ruling, we hold the trial court abused its discretion in denying Rivera Saavedra relief both under

the Texas Equal Rights Amendment and the federal equal protection selective-prosecution claim. Accordingly, we reverse the habeas court's order and remand for the habeas court to grant the writ, discharge Rivera Saavedra from bail, and dismiss with prejudice the misdemeanor criminal trespass charge against Rivera Saavedra. *See* TEX. R. APP. P. 31.2(a), 31.3.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Miskel, J. concurring and dissenting

Do Not Publish
Tex. R. App. P. 47
240216F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE ALEJANDRO RIVERA
SAAVEDRA

No. 05-24-00216-CR

On Appeal from the County Court,
Kinney County, Texas
Trial Court Cause No. 11350CR.
Opinion delivered by Justice Carlyle.
Justices Reichek and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**REVERSED** and the cause **REMANDED** for further proceedings consistent with
this opinion.

Judgment entered August 8, 2024